UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VINCENT PACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v ) | Cause No: 4:07-CV-1851-CDP |
| ) | |
| THE WELLPOINT COMPANIES, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR SANCTIONS

COMES NOW defendant WellPoint, Inc. ("WellPoint" or "Defendant"), pursuant to Rules 26, 33, 34, 37 and 41(b) of the Federal Rules of Civil Procedure and, for its Motion for Sanctions, respectfully states as follows:

1. The instant matter is an employment discrimination case in which Plaintiff Vincent Pace, a former employee of defendant WellPoint, alleges disability discrimination (Count I) and retaliation (Count II) under the Missouri Human Rights Act.

2. On December 27, 2007, Defendant propounded to Plaintiff its First Request for Production of Documents and First Set of Interrogatories, to which Plaintiff was, under applicable rules, to provide responses on or about January 29, 2008.

3. Plaintiff did not respond (or object) to Defendant's discovery requests. Thereafter, pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37-3.04, Defendant's counsel made repeated, reasonable efforts to confer with Plaintiff's counsel in good faith about the lack of Plaintiff's responses, which included: (1) a facsimile letter directed to Plaintiff's counsel on February 5, 2008; (2) a facsimile letter directed to Plaintiff's counsel dated February 19, 2008; (3) a voice mail left with Plaintiff's counsel's assistant on the afternoon of February

1454678 01

19, 2008 by attorney David W. Gearhart; (4) a facsimiled and e-mailed letter to Plaintiff's counsel dated March 13, 2008; and (5) a voicemail left at the number provided for Plaintiff's counsel during the afternoon of March 13, 2008 by attorney David W. Gearhart. (The relevant discovery and evidence of these good faith efforts were attached to Defendant's Motion to Compel, Doc. No. 11.) Plaintiff's counsel did not respond to any of these attempted communications.

4. After Plaintiff did not respond, WellPoint filed a motion to compel plaintiff to respond to WellPoint's discovery requests within five (5) days of the entry of the Court's Order (and requesting that Plaintiff pay Defendant's reasonable attorneys' fees incurred in connection with obtaining said discovery responses).

5. Plaintiff did not file an opposition and, on April 2, 2008, the Court granted WellPoint's motion to compel. (See Order dated April 2, 2008 (Doc. No. 12), attached hereto at Tab A.)

6. Despite this Court's Order, Plaintiff still has not provided any discovery responses and the time to comply with the Court's April 2, 2008 Order has long passed.

7. Pursuant to Federal Rule of Civil Procedure 37(b)(2):

(A) If a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders ... [including] ... (v) dismissing the action or proceeding in whole or part.[1]

8. Rule 41(b) also provides for dismissal if a party fails to obey an order of the Court.

---

[1] Further, Section 37(b)(2)(C) provides in relevant part: "the Court must order the disobedient party, the attorney representing that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure ... ."

2

9. Counsel for Defendant, and the Court, have spent considerable time and effort to compel Plaintiff to respond to basic discovery requests. However, Plaintiff has ignored the discovery requests (and Defendant's good-faith attempts to address the lack of response) and now has disregarded this Court's order regarding the discovery responses. Plaintiff has not provided any explanation for these failures.[2]

10. Defendant WellPoint is, and has been, prejudiced in the preparation of its defense by Plaintiff's failure to respond to the aforementioned discovery requests. The initial discovery requests propounded by WellPoint go to the heart of Plaintiff's claims, and WellPoint is unable to proceed in its defense of the claims. WellPoint should not be required to forego the requested discovery, nor should Defendant be required to depose Plaintiff without the benefit of Plaintiff's discovery responses. See Berkner v. The Ford Motor Co., 1 Fed. Appx. 613, 613 (8th Cir. 2001) (no abuse of discretion in dismissing action with prejudice because of failure to comply with discovery orders); Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000); Pittman v. Boxes of St. Louis, Inc., 2006 U.S. Dist. LEXIS 55775, *6-10 (E.D. Mo. Aug. 10, 2006).

11. As shown in Defendant's Motion to Compel, Defendant has made good faith attempts to obtain the requested discovery from Plaintiff. Plaintiff did not respond to any of these overtures, did not oppose (or respond to) the Motion to Compel, and has ignored the Court's Order. Plaintiff's actions have completely halted the progress of the litigation that

---

[2] Plaintiff has not served discovery or otherwise prosecuted this action following the Rule 16 Conference with the Court. The Court may recall that, at that December 20, 2007 conference, it was discussed (to the surprise of Plaintiff's counsel) that Plaintiff's supervisor, who is the subject of Plaintiff's allegations of discrimination and retaliation, was Plaintiff's best friend and lunch partner (and even gave Plaintiff's father an antique car because the father enjoyed restoring automobiles). Plaintiff has not prosecuted the case since that conference.

3

Plaintiff commenced. Under these circumstances, the appropriate sanction is dismissal and other sanctions would be futile.

12. Defendant respectfully submits that Plaintiff's refusal to respond to Defendant's discovery requests and refusal to obey the Order of this Court is contrary to Rules 26, 33, 34, 37 and 41(b) of the Federal Rules of Civil Procedure. Plaintiff has demonstrated that he is unwilling to follow the Federal Rules of Civil Procedure or the direct order of this Court.

WHEREFORE, defendant WellPoint respectfully requests that this Court issue an Order dismissing Plaintiff's complaint with prejudice, and for such other relief as the Court deems just and proper.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By: /s/David W. Gearhart
Gary M. Smith, #10613
David W. Gearhart, #102100
500 North Broadway, Suite 2000
St. Louis, Missouri 63102
(314) 444-7600
Fax (314) 241-6056

Attorneys for Defendant

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Motion for Sanctions was filed electronically with the Clerk of Court this 22nd day of April 2008, to be served by operation of the Court's electronic filing system upon the following:

Lyell Champagne
The Champagne Law Firm
The Frisco Building
906 Olive Street, Suite 915
St. Louis, MO 63101
Attorney for Plaintiff

/s/David W. Gearhart