UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT PACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV1851 CDP |
| | ) | |
| THE WELLPOINT | ) | |
| COMPANIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff filed this action in Missouri state court alleging employment discrimination and retaliation. Defendant later removed the case to this court. I held a Rule 16 conference with both counsel, and on December 20, 2007, entered a Case Management Order based on their agreed proposal. According to defendant's motion, plaintiff has done nothing to prosecute this case since the December conference.

Under the provisions of the Case Management Order, the parties' Rule 26(a)(1) disclosures were to be exchanged no later than January 22, 2008. Additionally, defendant served interrogatories and document requests on plaintiff's counsel in December, and the responses were due January 29, 2008. Plaintiff did not provide defendant with any of the required information, and

plaintiff's counsel did not respond to defendant's repeated attempts to communicate about the over-due discovery.

Defendant filed a motion to compel on March 18, 2008. Plaintiff did not respond to the motion, and after the response time had passed, I granted defendant's motion to compel.

Defendant has now filed a motion for sanctions. In its motion, defendant states that the plaintiff has not complied with the order compelling the discovery. Additionally, plaintiff's counsel has been completely uncommunicative and has failed to turn over any of the requested documents or respond in any way to defendant's repeated communications. Defendant seeks dismissal of the action with prejudice and payment of attorneys' fees as a sanction, as authorized by Rule 37(b), Fed. R. Civ. P.

Plaintiff has not responded to the motion for sanctions, and his time to do so has expired. A dismissal under these circumstances is "an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000). This is such a case. Rule 37 specifically authorizes the sanction of dismissal. Rule 37(b)(2)(A)(v). It also provides that the court "must" order the party and/or the attorney to pay the reasonable expenses, including attorneys' fees, of the moving party. Rule 37(b)(2)(C).

I have considered lesser sanctions, but do not believe that any lesser sanctions are appropriate. Plaintiff alleged that defendant discriminated against him based on his disability and in retaliation for seeking accommodations for his disability. Defendant was entitled to receive the requested discovery, including medical and other information supporting these claims, in a timely manner. Plaintiff's failure to comply has meant that defendant cannot prepare its own defense, and that defendant has expended considerable unnecessary attorneys fees on the case. Additionally, the longer the case is delayed, the harder it would be for defense counsel to obtain evidence or to locate witnesses; witnesses' memories do not get fresher with time. For a plaintiff to come into court, accusing his employer of improper conduct, and then simply ignore the lawsuit he filed despite repeated requests and orders is simply unconscionable.

Plaintiff's counsel has a duty to the Court as well as to opposing counsel to comply with the orders of court and rules of procedure, or to provide some explanation for why he cannot do so. Neither opposing counsel nor the Court should be forced to beg plaintiff to prosecute his case. Plaintiff's counsel has continued to file documents in other matters in this district during this time frame, so there can be no argument that he was somehow incapacitated. (For example, he has filed documents in both Painters v. DKW, Case No. 4:08CV37SNL and Iron Workers v. DKW, No. 4:07CV1960AGF in March and April of this year.)

Because counsel has totally failed in his obligations to the Court, I believe that defendant's attorneys fees and expenses should be assessed against him, rather than against his client. The dismissal of the client's suit is adequate sanction for the client's failure to participate; the assessment of attorneys' fees and expenses is an appropriate sanction against plaintiff's counsel.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion [#13] for sanctions is GRANTED, and this case will be dismissed with prejudice by separate order.

**IT IS FURTHER ORDERED** that attorney Lyell H. Champagne must pay defendant's reasonable expenses of the motions to compel and for sanctions, including attorneys fees.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of May, 2008.